IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

SCOTT TROOGSTAD, MARCUS HARRIS, GARY
DUSZAK, TIMOTHY SERBIN, RAUL DE LEON,
JOHN CUNNINGHAM, KENNETH BREZINA,
MARZENA SEMRAU, MICHELE GRABER, JOHN
KNIGHT, MICHAEL ZACH, ELVIS PEREZ,
NICHOLAS FORTUNA, MEGHAN MICHAELSEN,
JAMES WALSH, JEFFREY SUTTER, JENNIFER
KARABOYAS, JAMES DUIGNAN, NICK
PANTALEO, STEPHEN HODO, DAVID MARTIN,
DANIEL RIEGER, KELLY JOINER, JULIO
SANCHEZ, JR., ANGELA BANDSTRA, PHILIP
MARX, JOSEPH FORCHIONE, MARK
ABRATANSKI, RICH CLEMENS, ROBERT
TEBBENS, KRYSTAL KRANZ, GRANT VOSBURGH,
IRENE RES, MATT PALLER, BRIAN BRANTLEY,
DANIEL KAIRIS, ANTHONY ZUMARAS, RICHARD
LOUZON, FELIX SERRANO, LUIS QUINONES,
ROBERT SKALSKI, RYAN KELLY, ROBERTO
CORONADO, EDWARD SANTIAGO, MICHELLE
MAXWELL, BRENDAN BERRY, PAUL O'CONNOR,
WENDY LUCIANO, JULIAN SANTOS, STEVE
ANDOLINO, JOSEPH CUDAR, MICHAEL
OUELLETTE, ROBERT STOPKA, CHRIS GRANDE,
FLETCHER PRESTIDGE, COLLIN DUSZAK,
THOMAS FLAVIN, SETH MARTINEZ, MICHELE
MARTINEZ, PHILIP MOCKLER, DANIEL
BAUMGARTNER, SCOTT CHIBE, EMILY
PECORARO, ANTHONY PECORARO,
CHRISTOPHER ESTHERHAMMER-FIC, SANDRA
CHLEBOWICZ, CHRIS KING, JOHN DARDANES,
DAWN HEDLUND, DAVID LEON, VICTOR
MARTIN, FRANK PHEE, ROBERT MORRIS,
NICOLAS MINGHETTINO, MICHAEL CANNON,
NICHOLAS SMITH, ROBERT THOMPSON,
WILLIAM HURLEY, RYAN FRANZEN, DANIEL
KRANZ, JAMES SPALLA, STEVEN DORICH, ROY
ANDERSON, JR., DAVID MUELLER, MICHAEL
RICHIED, WESLEY SIENKIEWICZ, CLINT
RIVERA, KEVIN FERGUSON, JEFFREY KING,
ARLETT PAYNE, KELLEE SIMZ, SCOTT ROONEY,
HEATHER SCHERR, BERNARD CONSIDINE,
LEAH LAFEMINA ESCALANTE, STEPHEN
COYNE, REBIA BRADLEY, TRANG NGUYEN,

GARY HORKAVY, JAIME QUEZADA, THOMAS
SERBIN, RAUL MOSQUEDA, RAYMOND WILKE,
MICHAEL MALLOY, STEVEN PALUCK, BRET
LANDIS, JOHN HERZOG, JOHN BORNER,
MICHAEL DAHL, PABLO DELGADO, SHELTON
DAVIS, DANIEL KOENIG, JANET CONTURSI,
MATT WIECLAWEK, ANTHONY BAGGETT,
MICHAEL CRIEL, MATTHEW JOSEPH PUSATERI,
JOSE A. PEREZ, THOMAS T. MORRIS, DANIEL
McDERMOTT, MITCHELL FIGUEROA, ADAM
SAWYER, JOANN IMPARATO, JOHN MULLANEY,
MICHAEL REPEL, JAMES RAPPOLD, MONO
KACHATORIAN, MATTHEW A. BALANDES, SAAR
BRUCE SHAAR, DUHAMEL RENFORT, ANTHONY
MARTIN MAGGIO, CHRISTOPHER J. KAHR,
ERIK GOFF, TIMOTHY MALOY, and WILLIAM
PARKER, individually and on behalf of similarly
situated employees of CITY OF CHICAGO,

       Plaintiffs,

v.                                            2021 CV 5600

CITY OF CHICAGO and GOVERNOR JAY
ROBERT PRITZKER,

       Defendants.

## NOTICE OF APPEAL

     Notice is hearby given that SCOTT TROOGSTAD, MARCUS HARRIS, GARY
DUSZAK, TIMOTHY SERBIN, RAUL DE LEON, JOHN CUNNINGHAM, KENNETH
BREZINA, MARZENA SEMRAU, MICHELE GRABER, JOHN KNIGHT, MICHAEL ZACH,
ELVIS PEREZ, NICHOLAS FORTUNA, MEGHAN MICHAELSEN, JAMES WALSH,
JEFFREY SUTTER, JENNIFER KARABOYAS, JAMES DUIGNAN, NICK PANTALEO,
STEPHEN HODO, DAVID MARTIN, DANIEL RIEGER, KELLY JOINER, JULIO
SANCHEZ, JR., ANGELA BANDSTRA, PHILIP MARX, JOSEPH FORCHIONE, MARK
ABRATANSKI, RICH CLEMENS, ROBERT TEBBENS, KRYSTAL KRANZ, GRANT
VOSBURGH, IRENE RES, MATT PALLER, BRIAN BRANTLEY, DANIEL KAIRIS,
ANTHONY ZUMARAS, RICHARD LOUZON, FELIX SERRANO, LUIS QUINONES,
ROBERT SKALSKI, RYAN KELLY, ROBERTO CORONADO, EDWARD SANTIAGO,
MICHELLE MAXWELL, BRENDAN BERRY, PAUL O'CONNOR, WENDY LUCIANO,
JULIAN SANTOS, STEVE ANDOLINO, JOSEPH CUDAR, MICHAEL OUELLETTE,
ROBERT STOPKA, CHRIS GRANDE, FLETCHER PRESTIDGE, COLLIN DUSZAK,
THOMAS FLAVIN, SETH MARTINEZ, MICHELE MARTINEZ, PHILIP MOCKLER,
DANIEL BAUMGARTNER, SCOTT CHIBE, EMILY PECORARO, ANTHONY PECORARO,

CHRISTOPHER ESTHERHAMMER-FIC, SANDRA CHLEBOWICZ, CHRIS KING, JOHN DARDANES, DAWN HEDLUND, DAVID LEON, VICTOR MARTIN, FRANK PHEE, ROBERT MORRIS, NICOLAS MINGHETTINO, MICHAEL CANNON, NICHOLAS SMITH, ROBERT THOMPSON, WILLIAM HURLEY, RYAN FRANZEN, DANIEL KRANZ, JAMES SPALLA, STEVEN DORICH, ROY ANDERSON, JR., DAVID MUELLER, MICHAEL RICHIED, WESLEY SIENKIEWICZ, CLINT RIVERA, KEVIN FERGUSON, JEFFREY KING, ARLETT PAYNE, KELLEE SIMZ, SCOTT ROONEY, HEATHER SCHERR, BERNARD CONSIDINE, LEAH LAFEMINA ESCALANTE, STEPHEN COYNE, REBIA BRADLEY, TRANG NGUYEN, GARY HORKAVY, JAIME QUEZADA, THOMAS SERBIN, RAUL MOSQUEDA, RAYMOND WILKE, MICHAEL MALLOY, STEVEN PALUCK, BRET LANDIS, JOHN HERZOG, JOHN BORNER, MICHAEL DAHL, PABLO DELGADO, SHELTON DAVIS, DANIEL KOENIG, JANET CONTURSI, MATT WIECLAWEK, ANTHONY BAGGETT, MICHAEL CRIEL, MATTHEW JOSEPH PUSATERI, JOSE A. PEREZ, THOMAS T. MORRIS, DANIEL McDERMOTT, MITCHELL FIGUEROA, ADAM SAWYER, JOANN IMPARATO, JOHN MULLANEY, MICHAEL REPEL, JAMES RAPPOLD, MONO KACHATORIAN, MATTHEW A. BALANDES, SAAR BRUCE SHAAR, DUHAMEL RENFORT, ANTHONY MARTIN MAGGIO, CHRISTOPHER J. KAHR, ERIK GOFF, TIMOTHY MALOY, and WILLIAM PARKER, Plaintiffs in the above-named case, hereby appeal to the United States Court of Appeals for the Seventh Circuit from a December 21, 2021 Order denying a Petition for a Preliminary Injunction.

Respectfully Submitted,


s/Jonathan Lubin
Attorney for Plaintiff


Jonathan Lubin
8800 Bronx Ave.
Suite 100-H
Skokie, IL 60077
jonathan@lubinlegal.com
773 954 2608

CERTIFICATE OF SERVICE

I, Jonathan Lubin, hereby certify that I caused a copy of this instrument to be served upon all parties of record by filing it with the Clerk of the Court for the United States District Court for the Northern District of Illinois, in accordance with the Federal Rules of Civil Procedure and All Local Rules on December 22, 2021.

s/Jonathan Lubin

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Scott Troogstad, et al.

                           Plaintiff,

v.                                        Case No.: 1:21−cv−05600

                                        Honorable John Z. Lee

City of Chicago, et al.

                           Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, December 21, 2021:

     MINUTE entry before the Honorable John Z. Lee:Because Plaintiffs have not satisfied any of the elements necessary to obtain preliminary injunctive relief, their motion for a preliminary injunction is denied. [For further details see memorandum opinion and order]. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT TROOGSTAD et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 21 C 5600 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| THE CITY OF CHICAGO and | ) | |
| GOVERNOR JAY ROBERT | ) | |
| PRITZKER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Illinois Governor J.B. Pritzker and the City of Chicago ("City") (collectively "Defendants") enacted policies requiring certain healthcare workers and public employees to be vaccinated against COVID-19 by the end of 2021 or be subject to disciplinary action and termination. Plaintiffs, comprising over 100 employees in the City's Fire, Water, and Transportation Departments, claim that these policies violate their substantive due process, procedural due process, and free exercise rights under the United States Constitution, as well as Illinois law. As such, they seek a preliminary injunction against the policies. For the following reasons, Plaintiffs' motion is denied.

## Background

The Court assumes familiarity with the factual record of this case from its previous written opinion denying Plaintiffs' petition for a temporary restraining order. *See* Mem. Op. Order, *Troogstad v. City of Chi.*, __ F. Supp.3d __, 2021 WL

5505542, at *1–2 (N.D. Ill. Nov. 24, 2021) ("TRO Order"), ECF No. 35. A brief summary of the more salient facts follows.

With the Delta variant of COVID-19 spiking across the country, Illinois Governor J.B. Pritzker signed Executive Order 2021-22 ("EO 2021-22") on September 3, 2021. EO 2021-22 requires all healthcare workers—defined as persons who work in "health services, medical treatment or nursing, or rehabilitative or preventive care"—in the state to be vaccinated against COVID-19 or submit to weekly COVID-19 testing. Def. Gov. J.B. Pritzker's Resp. Opp'n Pls.' Pet. TRO ("Def. J.B. Pritzker's Resp. TRO"), Ex. A (EO 2021-22) § 2(a)(i), ECF No. 14. EO 2021-22 contains a religious exemption to the vaccination requirement for covered persons whose "sincerely held religious belief[s], practice[s], or observance[s]" conflict with being vaccinated. *Id.*

After Governor Pritzker's order, the City followed with its own mandatory vaccination policy ("City Vaccination Policy"), which requires all City employees to be fully vaccinated (or have an approved exemption) by December 31, 2021 as a "condition of employment." Def. City of Chicago's Resp. Pls.' Emergency Pet. TRO ("Def. City's Resp. TRO"), Ex. B1 (City Vaccination Policy) §§ II–IV, ECF No. 18.[1] Like EO 2021-22, the City Vaccination Policy contains a religious exemption protecting those with "a sincerely held set of moral convictions arising from belief in and relation to religious beliefs" that conflict with COVID-19 vaccination. *See* Def.

---

[1]  Before the December 31 deadline, the City Vaccination Policy requires City employees either to be vaccinated or to submit to biweekly COVID-19 testing. City Vaccination Policy § IV.A–B.

City's Resp. TRO, Ex. B4, City of Chicago COVID-19 Vaccine Religious Exemption Request Form ("City Religious Exemption Form"). Exemption requests are considered on an individual basis and require the applicant to fill out a form stating the reason for the exemption and the principle of their religion that conflicts with being vaccinated, and including the signature of a religious leader. *See id.*

Plaintiffs are City employees, who contend that EO 2021-22 and the City Vaccination Policy violate their rights to bodily autonomy as protected by the constitutional doctrines of substantive due process, procedural due process, and free exercise of religion. They also assert that these policies infringe upon their right of conscience as protected by the Illinois Healthcare Right of Conscience Act ("HCRCA"), 745 Ill. Comp. Stat. 70/1 *et seq.* Upon filing this suit, Plaintiffs petitioned the Court for a temporary restraining order against enforcement of the policies. *See* Pls.' Mot. TRO ("TRO Mot."), ECF No. 4. The Court denied that petition in an oral ruling, *see* Hr'g Tr., *Troogstad*, No. 21 C 5600 (Oct. 29, 2021), ECF No. 31, which subsequently was memorialized in a written order. *See* TRO Order.

Plaintiffs then informed the Court that they wished to proceed with their motion for preliminary injunction, seeking to enjoin Governor Pritzker and the City from enforcing EO 2021-22 or the City Vaccination Policy. Accordingly, the Court provided Plaintiffs with an opportunity to supplement the factual record with witnesses and additional evidence. The Court also granted Plaintiffs leave to engage in limited discovery of Defendants' factual contentions.

3

In the end, Plaintiffs stated that they did not need discovery and would not be presenting any witnesses, but requested an opportunity to file a supplemental brief to support their preliminary injunction motion. The Court agreed and set a schedule for the submission of supplemental briefs. Now, relying on the factual record before it, the Court considers Plaintiffs' motion for a preliminary injunction.

## Legal Standard

As the Seventh Circuit has stated, a preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (quoting *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008)). And to obtain such drastic relief, the party seeking the relief—here, the Plaintiffs— carries the burden of persuasion by a clear showing. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

To succeed on a motion for preliminary injunction, the plaintiff has the burden to show (1) a likelihood of success on the merits; (2) irreparable harm; and (3) that the balance of the equities and the public interest favors emergency relief. Fed. R. Civ. P. 65(b)(1)(A); *see Winter v. Nat. Res. Def. Council,* 555 U.S. 7, 22 (2008).

The Court then weighs these factors in what the Seventh Circuit has called a "sliding scale" approach. That is, "[t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotation marks omitted). And "[w]here appropriate, this

4

balancing process should also encompass any effects that granting or denying the preliminary injunction would have on nonparties (something courts have termed the 'public interest')." *Id.*

<div align="center">

**Analysis**

</div>

## I. Likelihood of Success on the Merits

The first factor—"likelihood of success on the merits"—requires the plaintiff to make a "strong showing that she is likely to succeed on the merits" of her claim; a mere "possibility of success is not enough" to warrant emergency relief. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020). This showing "does not mean proof by a preponderance," but requires the plaintiff to provide facts and legal theories supporting "the key elements of its case." *Id.* at 763. The Court will address each of Plaintiffs' claims in turn.

### A. Substantive Due Process

Plaintiffs first allege that EO 2021-22 and the City Vaccination Policy violate substantive due process. A substantive due process claim requires the plaintiff to "allege that the government violated a fundamental right or liberty." *Campos v. Cook Cnty.*, 932 F.3d 972, 975 (7th Cir. 2019). The violation must also be "arbitrary or irrational," because "substantive due process protects against only the most egregious and outrageous government action." *Id*.

According to Plaintiffs, the vaccine policies offend their fundamental right to bodily autonomy. In support, they cite numerous Supreme Court cases holding that individuals have a fundamental right to refuse unwanted medical treatment, *see, e.g.,*

<div align="center">

5

</div>

*Cruzan v. Dir., Mo. Dep't of Health,* 497 U.S. 261 (1990); *Washington v. Harper*, 495 U.S. 210 (1990), and argue that, because a right to decline vaccinations is a fundamental constitutional right, the Court should apply strict scrutiny when evaluating the policies.

### 1. Whether a Fundamental Right Exists

In its ruling on Plaintiffs' TRO motion, the Court discussed its views on this issue at length, *see* TRO Order at *3–5, and sees no reason to alter its reasoning now. As previously noted, the Seventh Circuit's decision in *Klaassen v. Trustees of Indiana University*, 7 F.4th 592 (7th Cir. 2021), forecloses Plaintiffs' claim that requiring vaccination against COVID-19 encroaches upon a fundamental right. In *Klaassen*, a group of Indiana University students challenged the university's vaccination, masking, and testing requirements on similar grounds. *Id.* at 593. The students, like Plaintiffs here, argued that the university's mandate violated their right to bodily autonomy; the Seventh Circuit disagreed. Citing *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), the unanimous panel held that "plaintiffs lack such a right" when it comes to COVID-19 vaccination requirements. *Klaassen*, 7 F.4th at 593. As a result, the court endorsed *Jacobson*'s rational basis standard of review for challenges to COVID-19 vaccine mandates under substantive due process. *See id.*; *see also Klaassen v. Trs. of Ind. Univ.*, __ F. Supp.3d __, 2021 WL 3073926, at *22 (N.D. Ind. July 18, 2021).

*Klaassen* controls here. And because there is no fundamental constitutional right at stake when people are required to be vaccinated during a pandemic, Plaintiffs' substantive due process challenge to COVID-19 vaccination policies

receives rational basis review. Other courts in this district[2] and across the country[3] agree. Furthermore, Plaintiffs' supplemental brief does not raise any new arguments on this point. Thus, the Court will apply rational basis review.

## 2. Rational Basis Review

Rational basis review of a substantive due process claim requires the challenged action to be "rationally related to legitimate government interests." *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997). This standard is "highly deferential" to the government. *Brown v. City of Mich. City*, 462 F.3d 720, 733 (7th Cir. 2006) (quoting *Turner v. Glickman*, 207 F.3d 419, 426 (7th Cir. 2000)).

Rational basis review places the burden on the plaintiff to show that there is no "conceivable basis which might support" the government's action. *Minerva Dairy, Inc., v. Harsdorf*, 905 F.3d 1047, 1055 (7th Cir. 2018) (quoting *Ind. Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015)). Put differently, the plaintiff must prove irrationality; "it is not the [government's] obligation to prove rationality with evidence." *Hayden ex. rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 576 (7th Cir. 2014); *see also F.C.C. v. Beach Commc'ns*, 508 U.S. 307, 315 (1993) ("[A] legislative choice is not subject to courtroom

---

[2]    *See, e.g.*, Mem. Op. Order at 5–6, *Cisneroz v. City of Chi.*, Case No. 21-cv-5818 (N.D. Ill. Dec. 1, 2021), ECF No. 21; Hr'g Tr. at 5:18-20, *Lukaszycyk v. Cook Cnty.*, No. 21 C 5407 (N.D. Ill. Nov. 17, 2021), *appeal docketed*, No. 21-3200 (7th Cir. Nov. 24, 2021).

[3]    *See, e.g., Gold v. Sandoval*, No. 3:21-cv-00480-JVS-CBL, 2021 WL 5762190, at *2 (D. Nev. Dec. 3, 2021); *Rydie v. Biden*, No. DKC 21-2696, 2021 WL 5416545, at *4 (D.Md. Nov. 19, 2021); *McCutcheon v. Enlivant ES, LLC*, No. 5:21-cv-00393, 2021 WL 5234787, at *3 (S.D.W.Va. Nov. 9, 2021); *Smith v. Biden*, No. 1:21-cv-19457, 2021 WL 5195688, at *7 (D.N.J. Nov. 8, 2021); *see also* TRO Order at *7 (collecting other cases).

fact-finding and may be based on rational speculation unsupported by evidence or empirical data."). Thus, the question is not whether Plaintiffs have the better argument—it is whether there is any rational justification for the policies at issue. *See Minerva Dairy*, 905 F.3d at 1054–55; *Hayden*, 743 F.3d at 576; *see also, e.g.*, *Gold*, 2021 WL 5762190, at *3 ("While [Plaintiff] cites to numerous studies that he alleges show that the Policy is misguided, that does not mean that his challenge is likely to succeed . . . [u]nder rational basis review . . . ."); *Kheriaty v. Regents of Univ. of Cal.*, No. SACV 21-01367 JVS (KESx), 2021 WL 4714664, at *8 (C.D. Cal. Sept. 29, 2021) (rejecting substantive due process challenge to university's vaccine policy because "merely drawing different conclusions based on consideration of scientific evidence does not render the Vaccine Policy arbitrary and irrational").

To this end, Defendants argue that requiring healthcare workers and public employees to be vaccinated is rationally related to reducing the spread of COVID-19 in Illinois and Chicago. Combating the COVID-19 pandemic is "unquestionably a compelling interest." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (holding that abating the COVID-19 pandemic satisfied the much stricter "compelling interest" test under the Free Exercise Clause). The sole question, then, is whether EO 2021-22 and the City Vaccination Policy are "rationally related" to preventing increased sickness and death from COVID-19 Illinois and Chicago. *Glucksberg*, 521 U.S. at 728. For reasons more fully explained in the Court's previous order, the answer is yes. *See* TRO Order at *6.

8

Defendants have submitted credible evidence to justify these policies—in particular, declarations from the public health officials who designed and implemented them.[4]  These medical professionals explain in great detail how healthcare workers and City employees face increased risks of contracting and transmitting COVID-19, and how requiring vaccination will reduce those risks—both to the employees themselves and to the public with whom they come into contact.  *See id.* (first citing Arwady Decl. ¶¶ 10–13, and then citing Bleasdale Decl. ¶¶ 25–44).  This alone would suffice to clear the low bar of rational basis review, *see Minerva Dairy*, 905 F.3d at 1053, but Defendants go beyond what the Constitution requires and cite research from the Centers for Disease Control ("CDC") and peer-reviewed studies from major scientific journals supporting the efficacy of vaccines in abating the pandemic's spread.  *See* TRO Order at *6 & *6 nn. 5–6.

Plaintiffs failed to rebut Defendants' justifications at the TRO stage, and their arguments fare no better now.  Plaintiffs' supplemental brief supporting their preliminary injunction petition contains little if any legal argument.  Instead, Plaintiffs "update the court with some recent scientific findings," Pls.' Suppl. Br. Supp. Pet. Prelim. Inj. ("Pls.' Suppl. Br.") at 1, ECF No. 32, that purportedly bolster their critique of COVID-19 vaccines and their efficacy.  But the rational basis test

---

[4]     These officials include Dr. Allison Arwady, Chief Medical Officer of the Chicago Department of Public Health, *see* Def. City's Resp. TRO, Ex. A, Arwady Decl., ECF No. 18-1; Christopher Owen, Commissioner of Human Resources for the City of Chicago, *see* Def. City's Resp. TRO, Ex. B, Owen Decl., ECF No. 18-1; Dr. Susan Bleasdale, Associate Professor of Clinical Medicine at the University of Illinois at Chicago, *see* Def. J.B. Pritzker's Resp., Ex. A, Bleasdale Decl.; and Dr. Arti Barnes, Medical Director and Chief Medical Officer of the Illinois Department of Public Health, *see* Def. J.B. Pritzker's Resp. TRO, Ex. B, Barnes Decl., ECF No. 14-1.

does not allow courts to "second-guess . . . policy judgment[s] by parsing the latest academic studies." *Vasquez v. Foxx*, 895 F.3d 515, 525 (7th Cir. 2018). And even if it did, Plaintiffs have not presented any expert witnesses or conducted any discovery (despite the opportunity to do so) that would allow the Court to evaluate the scientific merits of the articles on which they rely. *Cf. Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993) (noting that the introduction of scientific evidence "is premised on the assumption" that the evidence, through introduction by a qualified expert, will have "a reliable basis in the knowledge and experience of [the] discipline" from which it arises).

What is more, even on the most generous reading of their evidence, Plaintiffs have shown only the existence of some scientific debate surrounding the degree of immunity provided by vaccines and whether "natural immunity" from prior COVID-19 infection provides comparable (or, as Plaintiffs assert, superior) protection from the virus. *See* TRO Order at *7. But the existence of debate would mean, by definition, that Defendants' policies are not "arbitrary or irrational." *Campos*, 932 F.3d at 975; *see* TRO Order at *7 (explaining that "even if there were robust scientific debate about whether natural immunity is more effective than vaccine-created immunity . . . this still would not be enough for Plaintiffs to prevail"). Therefore, Plaintiffs' additional studies and scientific arguments do not alter the Court's conclusion that EO 2021-22 and the City Vaccination Policy survive rational basis review.

Because Plaintiffs have not identified a fundamental right at stake and because the challenged policies satisfy the rational basis test, the Court finds that Plaintiffs are unlikely to succeed on the merits of their substantive due process claims.

## B. Procedural Due Process[5]

Plaintiffs next contend that Defendants' policies violate procedural due process. A procedural due process claim requires a plaintiff to show that the government deprived them of a constitutionally protected interest with "constitutionally deficient procedural protections" surrounding the deprivation. *Tucker v. City of Chi.*, 907 F.3d 487, 491 (7th Cir. 2018). Plaintiffs, however, have not established that Defendants' enactment or implementation of their vaccine policies violate Plaintiffs' procedural due process rights.

### 1. Procedural Due Process Claims Against the Governor

As to the Governor, Plaintiffs argue that EO 2021-22 is procedurally invalid because it was issued in violation of Governor Pritzker's statutory authority under the Illinois Emergency Management Agency Act ("EMAA"), 20 Ill. Comp. Stat. 3305/1 *et seq.* However, Plaintiffs do not identify what procedures they believe the Governor owed them. The closest they come is a suggestion that only the state legislature can enact such restrictions under Illinois law. *See* TRO Mot. at 4 (stating that "[t]he legislature has remained silent on the subject of vaccine mandates"). But, even if

---

[5] The parties have not addressed Plaintiffs' procedural due process, free exercise, or HCRCA claims in their supplemental briefs on the preliminary injunction petition. Thus, the conclusions reached in the TRO Opinion, which contains a more comprehensive treatment of those claims, remain unchanged.

11

Plaintiffs were correct as a matter of state law, "there is no federal constitutional right to state-mandated procedures." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 366 (7th Cir. 2019), *cert denied*, 140 S. Ct. 268 (2019). And, in any case, this argument is foreclosed by the Eleventh Amendment, which bars any "claim that [a] state official[ ] violated state law in carrying out [his] official responsibilities." *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

In the alternative, Plaintiffs argue that EO 2021-22 unconstitutionally conditions their employment on being vaccinated. In support, they recite the maxim that the government cannot condition their public employment on exercising a constitutional right and assert that EO 2021-22 violates their procedural due process rights on this basis alone. But identifying an alleged constitutional violation is only one half of the test—Plaintiffs must also point to specific procedural shortcomings surrounding the violation, which they have not done here. *See Tucker*, 907 F.3d at 491.[6] Moreover, despite nearly two months having passed since EO 2021-22 took effect, Plaintiffs have not alleged on this record that any of them have been terminated, or even disciplined, pursuant to the Governor's order. For these reasons, the Court finds that Plaintiffs' procedural due process claims against the Governor are unlikely to succeed on the merits.

---

[6] Plaintiffs have not alleged sufficient constitutional shortcomings to warrant a *Mathews* analysis, but as the Court noted in its prior ruling, were one needed, "Plaintiffs' interest in not being terminated for refusing vaccination would likely be outweighed by the public's interest in preventing the spread of COVID-19 and the cost to the public's safety of requiring additional procedures." TRO Order at 23 n.10 (citing *Vill. of Orland Park v. Pritzker*, 475 F. Supp. 3d 866, 883 (N.D. Ill. 2020) (conducting a *Mathews* analysis and concluding that "the second and third factors in the *Mathews* test weigh heavily against" the plaintiff in a challenge to COVID-19 mitigation measures)).

### 2. Procedural Due Process Claims Against the City

Plaintiffs' procedural due process claims also fail as to the City. Plaintiffs first contend that Mayor Lightfoot exceeded her authority in promulgating the City Vaccination Policy, which, Plaintiffs claim, is legislative in nature and requires the approval of the Chicago City Council. Once more, Plaintiffs have not articulated what, if any, procedural protections they should be afforded or exactly how the promulgation of the City's policy violated their procedural due process rights. Moreover, as the Court's previous order explained, strict separation-of-powers is not applicable to local governments, and it is certainly not enforceable as a federal right. *See Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir. 1992).

Alternatively, Plaintiffs argue that the City Vaccination Policy impermissibly alters their employment contracts. But again, they do not identify how these changes contravened procedural due process. In the same vein, Plaintiffs also fail to address how the City Vaccination Policy could unconstitutionally "alter" their employment contracts when those contracts are governed by collective bargaining agreements, which "can (and typically do) satisfy" the requirements of procedural due process for terminated public employees. *Calderone v. City of Chi.*, 979 F.3d 1156, 1166 (7th Cir. 2020) (quoting *Chaney v. Suburban Bus Div. of Reg'l Transp. Auth.*, 52 F.3d 623, 630 (7th Cir. 1995)). Thus, the Court finds that Plaintiffs' procedural due process claims against the City are unlikely to succeed on the merits.

13

### C. Free Exercise

Next, Plaintiffs bring a challenge under the Free Exercise Clause of the First Amendment. They argue that Defendants' policies unconstitutionally burden their exercise of sincerely held religious beliefs by forcing them either to be vaccinated in violation of those beliefs or lose their jobs. Additionally, they claim that the City violated the Free Exercise Clause by denying, or refusing to grant, religious exemptions. Based on the current record, the Court finds that neither of these claims are likely to succeed on the merits.

Under the Free Exercise Clause, a government action that burdens a plaintiff's exercise of a sincerely held religious belief generally receives strict scrutiny. *Fulton v. City of Phila.*, 141 S. Ct. 1868, 1876 (2021). The Supreme Court created an exception to this rule in *Employment Division v. Smith*, which held that a neutral law of general applicability that only incidentally burdens religion receives rational basis review. *Fulton*, 141 S. Ct. at 1876 (citing 494 U.S. at 878–82 (1993)); *Ill Bible Colls. Ass'n v. Anderson*, 870 F.3d 631, 639 (7th Cir. 2017).

The Court need not apply the *Smith* test to Defendants' policies at this stage because Plaintiffs have not stated a claim under the Free Exercise Clause on the current record. On the facts before the Court, no Plaintiffs have alleged that they have applied for an exemption from EO 2021-22, let alone have been denied one. And none of the Plaintiffs who have applied for and been denied an exemption from the City Vaccination Policy have made a good faith attempt to comply with the Policy's exemption process, which requires the applicant to fill out a form providing a reason

14

for the request and an explanation of the principle of the applicant's religion that conflicts with vaccination. *See* City Religious Exemption Form. Instead, rather than providing individualized facts, they have submitted formulaic recitations of the HCRCA's definition of a "sincerely held religious belief." *See* Def. City's Resp. TRO, Ex. B5 (collecting the denied applications); *see also* City Religious Exemption Request Form. This is in stark contrast to *Dahl v. Board of Trustees of Western Michigan University*, 15 F.4th 728 (6th Cir. 2021), where the plaintiffs pleaded individualized facts showing that the university disregarded their sincerely held religious beliefs. *See id.* at 733–34; *Dahl v. Bd. of Trs. of W. Mich. Univ.*, __ F. Supp. 3d __, 2021 WL 3891620, at *1 (W.D. Mich. Aug. 31, 2021), *aff'd*, 15 F.4th 728. Here too, Plaintiffs were given an opportunity to develop the factual record on this point, but they have not done so. Based upon the current record, the Court finds that they are unlikely to succeed on the merits of their free exercise claims.

### D. Illinois Healthcare Right of Conscience Act (HCRCA)

Plaintiffs' final claims arise under the Illinois Healthcare Right of Conscience Act (HCRCA), 745 Ill. Comp. Stat. 70/1 *et seq.* Generally, this statute protects the rights of Illinoisans to refuse to provide, receive, or participate in the administration of health care services "contrary to [their] conscience." *Id.* § 70/2. The section of HCRCA relevant here prohibits "discrimination against any person in any manner . . . because of such person's conscientious refusal to receive . . . any particular form of health care services contrary to his or her conscience." *Id.* § 70/5. Plaintiffs' HCRCA claims against the Governor and the City are addressed in turn.

### 1. HCRCA Claims Against the Governor

Plaintiffs' HCRCA claims against the Governor cannot succeed because, as explained more fully above and in the Court's previous order, the Eleventh Amendment prevents Plaintiffs from suing the Governor in his official capacity for violations of state law. *See Pennhurst*, 465 U.S. at 106.

### 2. HCRCA Claim Against the City

Although the Eleventh Amendment does not bar the HCRCA claims against the City, the Court concludes that Plaintiffs are unlikely to succeed on the merits of these claims, because the City Vaccination Policy's religious exemption neatly tracks the definition of a protected religious belief under HCRCA. *Compare* City Religious Exemption Form (granting exemptions for individuals with "a sincerely held set of moral convictions arising from belief in and relation to religious beliefs"), *with* 745 Ill. Comp. Stat. 70/3 (protecting persons with "a sincerely held set of moral convictions arising from belief in and relation to God, or . . . from a place in the life of its possessor parallel to that filled by God among adherents to religious faiths"). Plaintiffs' facial challenge[7] cannot succeed in light of this substantial overlap. *See Ezell v. City of Chi.*, 651 F.3d 684, 698–99 (7th Cir. 2011) (a successful facial challenge requires a law to be unconstitutional "in all its applications" (emphasis omitted)). And although it is unclear at this preliminary stage whether the City complies with HCRCA in administering the religious exemption, Plaintiffs have not adduced any facts

---

[7]     Again, Plaintiffs do not specify whether they believe the City Vaccination Policy violates HCRCA on its face or as applied to their individual applications, but language in their TRO Motion suggests the former. *See* TRO Mot. at 13 ("The threatened suspension and subsequent termination here is squarely a violation of the [HCRCA].").

16

indicating that it does not. Accordingly, the Court finds that Plaintiffs' HCRCA claim against the City is unlikely to succeed on the merits.

In summary, the Court reaches the same conclusion as it did in its prior ruling—Plaintiffs have not established a likelihood of success as to any of their claims. This alone is enough to deny injunctive relief, *see GEFT Outdoors,* 922 F.3d at 366 ("If the plaintiff fails to meet any of the[] threshold requirements, the court must deny the injunction." (quoting *Girl Scouts of Manitou Council*, 549 F.3d at 1086)), but the Court will briefly discuss the other preliminary injunction factors for the sake of completeness.

## II. Irreparable Harm

In order to show that they would suffer irreparable harm without injunctive relief, Plaintiffs must "demonstrate that irreparable injury is likely." *Winter*, 555 U.S. at 21 (emphasis omitted). Plaintiffs contend that the Court must find irreparable harm as a matter of law because Defendants' policies violate their constitutional rights. For the reasons stated above, the Court finds no constitutional violation arising out of Defendants' policies, so this argument is unavailing. But, even assuming *arguendo* that requiring Plaintiffs to be vaccinated as a condition of employment does inflict some degree of constitutional injury, the record in this case contains no evidence that any Plaintiffs were fired or disciplined because they refused to get the vaccine. And as the Court noted in its prior ruling, termination of employment is typically redressable through money damages. *See Bedrossian v. Northwestern Mem'l Hosp.*, 409 F.3d 840, 845 (7th Cir. 2005); *Garland v. N.Y. City*

17

*Fire Dep't*, 21-cv-6586, 2021 WL 5771687, at *8 (E.D.N.Y. Dec. 6, 2021) (rejecting argument that termination for refusing to comply with vaccine policy comprised irreparable harm because, even if plaintiffs alleged constitutional injuries, they could be made whole through damages and reinstatement). Therefore, on these facts, the Court finds that Plaintiffs have not demonstrated that they would suffer irreparable harm in the absence of injunctive relief.

## III. Balance of the Equities

Finally, the Court finds that the balance of the equities and the public interest, which are considered together when the government is the party opposing injunctive relief, *see Nken v. Holder*, 556 U.S. 418, 435 (2009), do not favor a preliminary injunction. The Court must evaluate this factor by weighing the degree of harm the nonmoving party would suffer if the injunction is granted against the degree of harm to the moving party if the injunction is denied. *See Cassell v. Snyders*, 990 F.3d 539, 545 (7th Cir. 2021). The analysis also should consider the public interest, or "the consequences of granting or denying the injunction to non-parties." *Id.* (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)).

Here, the Court finds, as have numerous other courts, that the public's interest in reducing the transmission of COVID-19 weighs heavily against granting an injunction.[8] *See, e.g., Does 1–6 v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021), *cert denied*

---

[8]     To the extent that developments since the Court's ruling on the TRO have impacted the balance of the countervailing interests, they only push the needle farther in Defendants' favor. Since that ruling was issued, the seven-day average of daily new COVID-19 cases reported in Illinois has increased more than fourfold. *See COVID-19 Home: Daily Cases Change Over Time*, ILL. DEP'T PUB. HEALTH, (Dec. 20, 2021, 12:00 PM) https://dph.illinois.gov/covid19.html (showing a seven-day average of 10,179 new cases per

*sub nom. Does 1–3 v. Mills*, No. 21A90, 142 S. Ct. 17 (mem.) (Oct. 29, 2021); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 295–96 (2d Cir. 2021); *Doe v. San Diego Unified Sch. Dist.*, __ F.4th __, 2021 WL 5757397, at *6 (9th Cir. Dec. 4, 2021); *Garland*, 2021 WL 5771687, at *9–10; *Rydie*, 2021 WL 5416545, at *5–6. Conversely, Plaintiffs' interest in not being vaccinated is relatively weak, given the absence of a fundamental constitutional right to refuse vaccination during a pandemic such as the one facing us today. *See Klaassen*, 7 F.4th at 593. Indeed, when confronted with a widely contagious pandemic, "plaintiffs are not asking to be allowed to make a self-contained choice to risk only their own health," given that their refusal to be vaccinated "could sicken and even kill many others who did not consent" to their decisions. *Cassell*, 990 F.3d at 545. As a result, the Court finds that Plaintiffs have not shown that the balance of the equities favors the relief they seek.

---

day as of December 20, 2021, compared to 2,088 new cases per day on October 29, 2021). Additionally, the Omicron variant has emerged, *see Science Brief: Omicron (B.1.1.529) Variant*, CDC, (Dec. 2, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/scientific-brief-omicron-variant.html, and is currently "rapidly spreading" across the country. Nate Rattner, *Omicron Now the Dominant US Covid Strain at 73% of Cases, CDC Data Shows*, CNBC (Dec. 20, 2021, 6:46 PM), https://www.cnbc.com/2021/12/20/omicron-now-the-dominant-us-covid-strain-at-73percent-of-cases.html. And, although little is known about whether Omicron presents a greater risk of transmission or reinfection than previous variants, its emergence prompted the CDC to "strengthen[] its recommendation" on booster doses of the vaccine. Maggie Fox, *All Adults Should Get a COVID-19 Booster Shot Because of the Omicron Variant, CDC Says*, CNN (Nov. 29, 2021, 5:35 PM) https://www.cnn.com/2021/11/29/health/cdc-booster-guidance-omicron/index.html. This uncertainty, combined with the upswing in cases, makes Defendants' position regarding the balance of the equities and public interest factor even stronger than it was at the TRO stage.

### Conclusion

Because Plaintiffs have not satisfied any of the elements necessary to obtain preliminary injunctive relief, their motion for a preliminary injunction is denied.

**IT IS SO ORDERED.**                    **ENTERED: 12/21/21**

_____
**John Z. Lee**
**United States District Judge**

APPEAL,GILBERT

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:21-cv-05600
# Internal Use Only

Troogstad et al v. City of Chicago et al
Assigned to: Honorable John Z. Lee
Cause: 42:1983 Civil Rights Act

Date Filed: 10/21/2021
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Scott Troogstad**                   represented by   **Jonathan D. Lubin**
                                                        Attorney at Law
                                                        8800 Bronx Ave
                                                        Suite 100H
                                                        Skokie, IL 60077
                                                        773 945-2608
                                                        Email: jonathan@lubinlegal.com
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marcus Harris**                     represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gary Duszak**                       represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy Serbin**                    represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raul De Leon**                      represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Cunningham**                   represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenneth Brezina**                    represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marzena Semrau**                     represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michele Graber**                     represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Knight**                        represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Zach**                       represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elvis Perez**                        represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nicholas Fortuna**                   represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Meghan Michaelsen**                  represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Walsh**                        represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeffrey Sutter**                     represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jennifer Karaboyas**                    represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Duignan**                         represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nick Pantaleo**                         represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen Hodo**                          represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Martin**                          represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Rieger**                         represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kelly Joiner**                          represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julio Sanchez, Jr.**                    represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Angela Bandstra**                       represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Philip Marx**                           represented by **Jonathan D. Lubin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Forchione**                    represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Abratanski**                     represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rich Clemens**                        represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Tebbens**                      represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Krystal Kranz**                       represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Grant Vosburgh**                      represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Irene Res**                           represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matt Paller**                         represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brian Brantley**                      represented by   **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Kairis**                       represented by   **Jonathan D. Lubin**
                                                          (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Zumaras**                 represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Louzon**                  represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Felix Serrano**                   represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Luis Quinones**                   represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Skalski**                  represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ryan Kelly**                      represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roberto Coronado**                represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward Santiago**                 represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michelle Maxwell**                represented by  **Jonathan D. Lubin**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brendan Berry**                             represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul O'Connor**                             represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wendy Luciano**                             represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julian Santos**                             represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steve Andolino**                            represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Cudar**                              represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Ouellette**                         represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Stopka**                             represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chris Grande**                              represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fletcher Prestidge**                        represented by  **Jonathan D. Lubin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Collin Duszak**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomas Flavin**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Seth Martinez**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michele Martinez**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Baumgartner**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Scott Chibe**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emily Pecoraro**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Pecoraro**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher Estherhammer-Fic**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sandra Chlebowicz**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chris King**                              represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Dardanes**                          represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dawn Hedlund**                           represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Leon**                             represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Victor Martin**                          represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Frank Phee**                             represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Morris**                          represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nicolas Minghettino**                    represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Cannon**                         represented by   **Jonathan D. Lubin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nicholas Smith**                         represented by   **Jonathan D. Lubin**
                                                            (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Thompson**                    represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Hurley**                     represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ryan Franzen**                       represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Kranz**                       represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Spalla**                       represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steven Dorich**                      represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roy Anderson, Jr.**                  represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Mueller**                      represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Richied**                    represented by   **Jonathan D. Lubin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wesley Sienkiewicz**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Clint Rivera**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kevin Ferguson**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeffrey King**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Arlett Payne**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kellee Simz**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Scott Rooney**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Heather Scherr**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bernard Considine**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leah Lafemina Escalante**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen Coyne**                          represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rebia Bradley**                          represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Trang Nguyen**                           represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gary Horkavy**                           represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jaime Quezada**                          represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomas Serbin**                          represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raul Mosqueda**                          represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raymond Wilke**                          represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Malloy**                         represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steven Paluck**                          represented by **Jonathan D. Lubin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bret Landis**                        represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Herzog**                        represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Borner**                        represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Dahl**                       represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pablo Delgado**                      represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shelton Davis**                      represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Koenig**                      represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Janet Contursi**                     represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matt Wieclawek**                     represented by **Jonathan D. Lubin**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Baggett**                    represented by **Jonathan D. Lubin**
                                       (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Criel**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matthew Joseph Pusateri**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jose A. Perez**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomas T. Morris**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel McDermott**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mitchell Figueroa**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Adam Sawyer**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joann Imparato**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Mullaney**
        represented by  **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Repel**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Rappold**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mono Kachatorian**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matthew A. Balandes**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Saar Bruce Shaar**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Duhamel Renfort**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Martin Maggio**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher J. Kahr**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Erik Goff**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy Maloy**

represented by **Jonathan D. Lubin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Parker**                          represented by **Jonathan D. Lubin**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Philip Mockler**                          represented by **Jonathan D. Lubin**
*individually and on behalf of similarly*                  (See above for address)
*situated employees of City of Chicago*                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Chicago**                         represented by **Michael A. Warner , Jr.**
                                                             Franczek Radelet PC
                                                             300 South Wacker Drive
                                                             Suite 3400
                                                             Chicago, IL 60606
                                                             (312) 786-6118
                                                             Email: maw@franczek.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **William R Pokorny**
                                                             Franczek Radelet PC
                                                             300 South Wacker Drive
                                                             Suite 3400
                                                             Chicago, IL 60606
                                                             (312) 786-6141
                                                             Email: wrp@franczek.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Celia Meza**
                                                             City of Chicago Law Department
                                                             City Hall
                                                             121 N. LaSalle Street, Suite 600
                                                             Chicago, IL 60602
                                                             312-744-0220
                                                             Email: celia.meza@cityofchicago.org
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Erin Kathryn Walsh**
                                                             Franczek P.C.
                                                             300 South Wacker Drive
                                                             Suite 3400
                                                             Chicago, IL 60606
                                                             312 786-6530
                                                             Email: ekw@franczek.com

*ATTORNEY TO BE NOTICED*

**Richard Jason Patterson**
Franczek P.c.
300 S. Wacker Dr., Suite 3400
Chicago, IL 60606
(312) 786-6102
Email: rjp@franczek.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jay Robert Pritzker**                    represented by    **Hal Dworkin**
*Governor*                                                  Office Of Illinois Attorney General
                                                            100 W. Randolph
                                                            13th Fl.
                                                            Chicago, IL 60613
                                                            (312) 814-5159
                                                            Email: hal.dworkin@ilag.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Mary Alice Johnston**
                                                            Illinois Attorney General
                                                            100 West Randolph Street
                                                            13th Floor
                                                            Chicago, IL 60601
                                                            (312)814-4417
                                                            Email: mary.johnston@ilag.gov
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Select<br>all / clear | Docket Text |
|------------|---|-----------------------|-------------|
| 10/21/2021 | 1 | ☐<br>1.02MB | COMPLAINT filed by Grant Vosburgh, Kellee Simz, Raymond Wilke, James Rappold, Jeffrey Sutter, Edward Santiago, Michael Richied, Michael Zach, James Walsh, Clint Rivera, Robert Thompson, Duhamel Renfort, Julian Santos, Julio Sanchez Jr., Michael Repel, Adam Sawyer, Bradley Rebia, Marzena Semrau, Anthony Zumaras, Irene Res, James Spalla, Jaime Quezada, Heather Scherr, Matt Wieclawek, Scott Rooney, Felix Serrano, Robert Skalski, Scott Troogstad, Matthew Pusateri, Robert Tebbens, Thomas Serbin, Saar Shaar, Nicholas Smith, Luis Quinones, Robert Stopka, Daniel Rieger, Wesley Sienkiewicz, Timothy Serbin; Filing fee $ 402, receipt number 0752-18792181. (Attachments: # 1 Exhibit Exhibit A)(Lubin, Jonathan) (Entered: 10/21/2021) |
| 10/21/2021 | 2 | ☐<br>60.47KB | ATTORNEY Appearance for Plaintiffs Mark Abratanski, Roy Anderson Jr., Steve Andolino, Anthony Baggett, Matthew Balandes, Angela Bandstra, Daniel Baumgartner, Brendan Berry, John Borner, Brian Brantley, Kenneth Brezina, Michael Cannon, Scott Chibe, Sandra Chlebowicz, Rich Clemens, Bernard Considine, Janet Contursi, Roberto Coronado, Stephen Coyne, Michael Criel, Joseph Cudar, John |

| | | | |
|---|---|---|---|
| | | | Cunningham, Michael Dahl, John Dardanes, Shelton Davis, Raul De Leon, Pablo Delgado, Steven Dorich, James Duignan, Collin Duszak, Gary Duszak, Leah Escalante, Christopher Estherhammer-Fic, Kevin Ferguson, Mitchell Figueroa, Thomas Flavin, Joseph Forchione, Nicholas Fortuna, Ryan Franzen, Erik Goff, Michele Graber, Chris Grande, Marcus Harris, Dawn Hedlund, John Herzog, Stephen Hodo, Gary Horkavy, William Hurley, Joann Imparato, Kelly Joiner, Mono Kachatorian, Christopher Kahr, Daniel Kairis, Jennifer Karaboyas, Ryan Kelly, Chris King, Jeffrey King, John Knight, Daniel Koenig, Daniel Kranz, Krystal Kranz, Bret Landis, David Leon, Richard Louzon, Wendy Luciano, Anthony Maggio, Michael Malloy, Timothy Maloy, David Martin, Victor Martin, Michelle Martinez, Seth Martinez, Philip Marx, Michelle Maxwell, Daniel McDermott, Meghan Michelsen, Nicholas Minghettino, Robert Morris, Thomas Morris, Raul Mosquedo, David Mueller, John Mullaney, Trang Nguyen, Paul O'Connor, Michael Oullette, Matt Paller, Steven Paluck, Nick Pantaleo, William Parker, Arlett Payne, Anthony Pecoraro, Emily Pecoraro, Elvis Perez, Jose Perez, Frank Phee, Fletcher Prestidge, Matthew Pusateri, Jaime Quezada, Luis Quinones, James Rappold, Bradley Rebia, Duhamel Renfort, Michael Repel, Irene Res, Michael Richied, Daniel Rieger, Clint Rivera, Scott Rooney, Julio Sanchez Jr., Edward Santiago, Julian Santos, Adam Sawyer, Heather Scherr, Marzena Semrau, Thomas Serbin, Timothy Serbin, Felix Serrano, Saar Shaar, Wesley Sienkiewicz, Kellee Simz, Robert Skalski, Nicholas Smith, James Spalla, Robert Stopka, Jeffrey Sutter, Robert Tebbens, Robert Thompson, Scott Troogstad, Grant Vosburgh, James Walsh, Matt Wieclawek, Raymond Wilke, Michael Zach, Anthony Zumaras by Jonathan D. Lubin (Lubin, Jonathan) (Entered: 10/21/2021) |
| 10/21/2021 | 3 | ☐ 267.00KB | CIVIL Cover Sheet (Lubin, Jonathan) (Entered: 10/21/2021) |
| 10/21/2021 | | | CASE ASSIGNED to the Honorable John Z. Lee. Designated as Magistrate Judge the Honorable Jeffrey T. Gilbert. Case assignment: Random assignment. (sxh, ) (Entered: 10/21/2021) |
| 10/21/2021 | 4 | ☐ 12.48MB | MOTION by Plaintiffs Mark Abratanski, Roy Anderson Jr., Steve Andolino, Anthony Baggett, Matthew Balandes, Angela Bandstra, Daniel Baumgartner, Brendan Berry, John Borner, Brian Brantley, Kenneth Brezina, Michael Cannon, Scott Chibe, Sandra Chlebowicz, Rich Clemens, Bernard Considine, Janet Contursi, Roberto Coronado, Stephen Coyne, Michael Criel, Joseph Cudar, John Cunningham, Michael Dahl, John Dardanes, Shelton Davis, Raul De Leon, Pablo Delgado, Steven Dorich, James Duignan, Collin Duszak, Gary Duszak, Leah Escalante, Christopher Estherhammer-Fic, Kevin Ferguson, Mitchell Figueroa, Thomas Flavin, Joseph Forchione, Nicholas Fortuna, Ryan Franzen, Erik Goff, Michele Graber, Chris Grande, Marcus Harris, Dawn Hedlund, John Herzog, Stephen Hodo, Gary Horkavy, William Hurley, Joann Imparato, Kelly Joiner, Mono Kachatorian, Christopher Kahr, Daniel Kairis, Jennifer Karaboyas, Ryan Kelly, Chris King, Jeffrey King, John Knight, Daniel Koenig, Daniel Kranz, Krystal Kranz, Bret Landis, David Leon, Richard Louzon, Wendy Luciano, Anthony Maggio, Michael Malloy, Timothy Maloy, David Martin, Victor Martin, Michelle Martinez, Seth Martinez, Philip Marx, Michelle Maxwell, Daniel McDermott, Meghan |

| | | | |
|---|---|---|---|
| | | | Michelsen, Nicholas Minghettino, Robert Morris, Thomas Morris, Raul Mosquedo, David Mueller, John Mullaney, Trang Nguyen, Paul O'Connor, Michael Oullette, Matt Paller, Steven Paluck, Nick Pantaleo, William Parker, Arlett Payne, Anthony Pecoraro, Emily Pecoraro, Elvis Perez, Jose Perez, Frank Phee, Fletcher Prestidge, Matthew Pusateri, Jaime Quezada, Luis Quinones, James Rappold, Bradley Rebia, Duhamel Renfort, Michael Repel, Irene Res, Michael Richied, Daniel Rieger, Clint Rivera, Scott Rooney, Julio Sanchez Jr., Edward Santiago, Julian Santos, Adam Sawyer, Heather Scherr, Marzena Semrau, Thomas Serbin, Timothy Serbin, Felix Serrano, Saar Shaar, Wesley Sienkiewicz, Kellee Simz, Robert Skalski, Nicholas Smith, James Spalla, Robert Stopka, Jeffrey Sutter, Robert Tebbens, Robert Thompson, Scott Troogstad, Grant Vosburgh, James Walsh, Matt Wieclawek, Raymond Wilke, Michael Zach, Anthony Zumaras for temporary restraining order *Emergency*, MOTION by Plaintiffs Mark Abratanski, Roy Anderson Jr., Steve Andolino, Anthony Baggett, Matthew Balandes, Angela Bandstra, Daniel Baumgartner, Brendan Berry, John Borner, Brian Brantley, Kenneth Brezina, Michael Cannon, Scott Chibe, Sandra Chlebowicz, Rich Clemens, Bernard Considine, Janet Contursi, Roberto Coronado, Stephen Coyne, Michael Criel, Joseph Cudar, John Cunningham, Michael Dahl, John Dardanes, Shelton Davis, Raul De Leon, Pablo Delgado, Steven Dorich, James Duignan, Collin Duszak, Gary Duszak, Leah Escalante, Christopher Estherhammer-Fic, Kevin Ferguson, Mitchell Figueroa, Thomas Flavin, Joseph Forchione, Nicholas Fortuna, Ryan Franzen, Erik Goff, Michele Graber, Chris Grande, Marcus Harris, Dawn Hedlund, John Herzog, Stephen Hodo, Gary Horkavy, William Hurley, Joann Imparato, Kelly Joiner, Mono Kachatorian, Christopher Kahr, Daniel Kairis, Jennifer Karaboyas, Ryan Kelly, Chris King, Jeffrey King, John Knight, Daniel Koenig, Daniel Kranz, Krystal Kranz, Bret Landis, David Leon, Richard Louzon, Wendy Luciano, Anthony Maggio, Michael Malloy, Timothy Maloy, David Martin, Victor Martin, Michelle Martinez, Seth Martinez, Philip Marx, Michelle Maxwell, Daniel McDermott, Meghan Michelsen, Nicholas Minghettino, Robert Morris, Thomas Morris, Raul Mosquedo, David Mueller, John Mullaney, Trang Nguyen, Paul O'Connor, Michael Oullette, Matt Paller, Steven Paluck, Nick Pantaleo, William Parker, Arlett Payne, Anthony Pecoraro, Emily Pecoraro, Elvis Perez, Jose Perez, Frank Phee, Fletcher Prestidge, Matthew Pusateri, Jaime Quezada, Luis Quinones, James Rappold, Bradley Rebia, Duhamel Renfort, Michael Repel, Irene Res, Michael Richied, Daniel Rieger, Clint Rivera, Scott Rooney, Julio Sanchez Jr., Edward Santiago, Julian Santos, Adam Sawyer, Heather Scherr, Marzena Semrau, Thomas Serbin, Timothy Serbin, Felix Serrano, Saar Shaar, Wesley Sienkiewicz, Kellee Simz, Robert Skalski, Nicholas Smith, James Spalla, Robert Stopka, Jeffrey Sutter, Robert Tebbens, Robert Thompson, Scott Troogstad, Grant Vosburgh, James Walsh, Matt Wieclawek, Raymond Wilke, Michael Zach, Anthony Zumaras for preliminary injunction (Lubin, Jonathan) (Entered: 10/21/2021) |
| 10/22/2021 | 5 | | MINUTE entry before the Honorable John Z. Lee: Rule 16 initial status hearing is set for 12/14/21 at 9:15 a.m. The parties are directed to file a joint initial status report by 12/7/21. The report should comply with the |

| | | | |
|---|---|---|---|
| | | | requirements for initial joint status reports set forth in the Initial Status Conference standing order, which can be found on the Court's website. In light of the COVID-19 pandemic and the related General Orders, the Court finds that it is necessary to conduct the status hearing via telephone conference. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==(ca, ) Modified on 10/22/2021 (ca, ). (Entered: 10/22/2021) |
| 10/22/2021 | 6 | ☐ 4.89KB | MINUTE entry before the Honorable John Z. Lee: Rule 16 initial status hearing is set for 12/14/21 at 9:15 a.m. The parties are directed to file a joint initial status report by 12/7/21. The report should comply with the requirements for initial joint status reports set forth in the Initial Status Conference standing order, which can be found on the Court's website. In light of the COVID-19 pandemic and the related General Orders, the Court finds that it is necessary to conduct the status hearing via telephone conference. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==. (ca, ) (Entered: 10/22/2021) |
| 10/22/2021 | 7 | ☐ 49.67KB | ATTORNEY Appearance for Defendant City of Chicago by Michael A. Warner, Jr (Warner, Michael) (Entered: 10/22/2021) |
| 10/22/2021 | 8 | ☐ 49.69KB | ATTORNEY Appearance for Defendant City of Chicago by William R Pokorny (Pokorny, William) (Entered: 10/22/2021) |
| 10/22/2021 | 9 | ☐ 4.81KB | MINUTE entry before the Honorable John Z. Lee:The Court will hold a hearing on Plaintiffs' motion for temporary restraining order on Tuesday, October 26, 2021 at 4:00 PM. If Defendants wish to file a written response to the motion, it must be filed no later than 3:00 PM on Monday, October 25, 2021. The call-in number is 888-273-3658 and the access code is 1637578. Counsel of record will receive a separate email at least 12 hours prior to the start of the telephonic hearing with instructions on |

| | | | |
|---|---|---|---|
| | | | how to join the call. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==. (ca, ) (Entered: 10/22/2021) |
| 10/22/2021 | 10 | ☐ 4.29KB | MINUTE entry before the Honorable John Z. Lee: Minute order 9 is corrected: The Court will hold a hearing on Plaintiffs' motion for temporary restraining order on Tuesday, October 26, 2021 at 4:00 p.m. in person. (ca, ) (Entered: 10/22/2021) |
| 10/25/2021 | 11 | ☐ 49.68KB | ATTORNEY Appearance for Defendant City of Chicago by Erin Kathryn Walsh (Walsh, Erin) (Entered: 10/25/2021) |
| 10/25/2021 | 12 | ☐ 49.69KB | ATTORNEY Appearance for Defendant City of Chicago by Richard Jason Patterson (Patterson, Richard) (Entered: 10/25/2021) |
| 10/25/2021 | 13 | ☐ 60.13KB | ATTORNEY Appearance for Defendant Jay Robert Pritzker by Hal Dworkin (Dworkin, Hal) (Entered: 10/25/2021) |
| 10/25/2021 | 14 | ☐ 5.08MB | RESPONSE by Jay Robert Pritzker in Opposition to MOTION by Plaintiffs Mark Abratanski, Roy Anderson Jr., Steve Andolino, Anthony Baggett, Matthew Balandes, Angela Bandstra, Daniel Baumgartner, Brendan Berry, John Borner, Brian Brantley, Kenneth Brezina, Michael Cannon, Scott Chibe, Sandra Chlebowicz, 4 (Attachments: # 1 Exhibit A - Declaration of Dr. Bleasdale, # 2 Exhibit B - Declaration of Dr. Barnes) (Dworkin, Hal) (Entered: 10/25/2021) |
| 10/25/2021 | 15 | ☐ 199.07KB | MOTION by Defendant Jay Robert Pritzker for leave to file excess pages *Unopposed* (Dworkin, Hal) (Entered: 10/25/2021) |
| 10/25/2021 | 16 | ☐ 96.06KB | NOTICE of Motion by Hal Dworkin for presentment of (Dworkin, Hal) (Entered: 10/25/2021) |
| 10/25/2021 | 17 | ☐ 4.85KB | MINUTE entry before the Honorable John Z. Lee: At Plaintiffs' counsel's request, the hearing on Plaintiffs' motion for temporary restraining order, which previously was scheduled to take place in person, will now take place via video conference using Cisco WebEx. The date and time of the hearing remains unchanged: Tuesday, October 26, 2021, at 4:00 p.m. Counsel of record will receive an email with instructions on how to log into the video conference. The public may view and listen to the hearing using the following link: https://us-courts.webex.com/us-courts/j.php?MTID=m8f801f4522eb63916e43314dedfa8083; Event number: 2318 411 1461; Event password: ilnd215600 (45632156 from phones). To listen to the hearing by telephone: 1-855-244-8681 Call-in toll-free number (US/Canada); Access code: 231 841 11461. Furthermore, all persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed |

| | | | sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. (ca, ) (Entered: 10/25/2021) |
|---|---|---|---|
| 10/25/2021 | 18 | ☐ 8.53MB | RESPONSE by City of Chicagoin Opposition to MOTION by Plaintiffs Mark Abratanski, Roy Anderson Jr., Steve Andolino, Anthony Baggett, Matthew Balandes, Angela Bandstra, Daniel Baumgartner, Brendan Berry, John Borner, Brian Brantley, Kenneth Brezina, Michael Cannon, Scott Chibe, Sandra Chlebowicz, 4 (Attachments: # 1 Exhibit A-D)(Warner, Michael) (Entered: 10/25/2021) |
| 10/25/2021 | 19 | ☐ 82.54KB | MOTION by Defendant City of Chicago for leave to file excess pages (Warner, Michael) (Entered: 10/25/2021) |
| 10/25/2021 | 20 | ☐ 8.72MB | EXHIBIT by Defendant City of Chicago regarding MOTION by Defendant City of Chicago for leave to file excess pages 19 (Warner, Michael) (Entered: 10/25/2021) |
| 10/25/2021 | 21 | ☐ 4.24KB | MINUTE entry before the Honorable John Z. Lee:Motions for leave to file excess pages 15 19 are granted. (ca, ) (Entered: 10/25/2021) |
| 10/27/2021 | 22 | ☐ 4.40KB | MINUTE entry before the Honorable John Z. Lee:Motion hearing held on 10/26/21. Plaintiff's reply brief is due by 5:00 p.m. on 10/28/21. Plaintiff's motion for a temporary restraining order 4 is entered and continued for 10/29/21 at 4:00 p.m. Counsel of record will receive an email with instructions on how to log into the video conference. The public will be provided a link to view and listen to the hearing. (ca, ) (Entered: 10/27/2021) |
| 10/27/2021 | 23 | ☐ 4.67KB | MINUTE entry before the Honorable John Z. Lee:The public may view and listen to the hearing on 10/29/21 at 4:00 p.m. using the following link: https://us-courts.webex.com/us-courts/j.php?MTID=mefcf81fe5ceef52e66fd8a2cd8e6a2c5. Event number: 2313 740 4146. Event passcode: ilnd215600. (45632156 from phones). To listen to the hearing by telephone: 1-855-244-8681 Call-in toll-free number (US/Canada); Access code: 231 374 04146. Furthermore, all persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. (ca, ) (Entered: 10/27/2021) |
| 10/27/2021 | 24 | ☐ 16.49KB | ATTORNEY Appearance for Defendant City of Chicago by Celia Meza (Meza, Celia) (Entered: 10/27/2021) |
| 10/28/2021 | 25 | ☐ 311.59KB | REPLY by Plaintiffs Mark Abratanski, Roy Anderson, Jr, Steve Andolino, Anthony Baggett, Matthew A. Balandes, Angela Bandstra, Daniel Baumgartner, Brendan Berry, John Borner, Rebia Bradley, Brian Brantley, Kenneth Brezina, Michael Cannon, Scott Chibe, Sandra Chlebowicz, Rich Clemens, Bernard Considine, Janet Contursi, Roberto Coronado, Stephen Coyne, Michael Criel, Joseph Cudar, John Cunningham, Michael Dahl, John Dardanes, Shelton Davis, Raul De Leon, Pablo Delgado, Steven Dorich, James Duignan, Collin Duszak, |

| | | | |
|---|---|---|---|
| | | | Gary Duszak, Leah Lafemina Escalante, Christopher Estherhammer-Fic, Kevin Ferguson, Mitchell Figueroa, Thomas Flavin, Joseph Forchione, Nicholas Fortuna, Ryan Franzen, Erik Goff, Michele Graber, Chris Grande, Marcus Harris, Dawn Hedlund, John Herzog, Stephen Hodo, Gary Horkavy, William Hurley, Joann Imparato, Kelly Joiner, Mono Kachatorian, Christopher J. Kahr, Daniel Kairis, Jennifer Karaboyas, Ryan Kelly, Chris King, Jeffrey King, John Knight, Daniel Koenig, Daniel Kranz, Krystal Kranz, Bret Landis, David Leon, Richard Louzon, Wendy Luciano, Anthony Martin Maggio, Michael Malloy, Timothy Maloy, David Martin, Victor Martin, Michele Martinez, Seth Martinez, Philip Marx, Michelle Maxwell, Daniel McDermott, Meghan Michaelsen, Nicolas Minghettino, Philip Mockler, Robert Morris, Thomas T. Morris, Raul Mosqueda, David Mueller, John Mullaney, Trang Nguyen, Paul O'Connor, Michael Ouellette, Matt Paller, Steven Paluck, Nick Pantaleo, William Parker, Arlett Payne, Anthony Pecoraro, Emily Pecoraro, Elvis Perez, Jose A. Perez, Frank Phee, Fletcher Prestidge, Matthew Joseph Pusateri, Jaime Quezada, Luis Quinones, James Rappold, Duhamel Renfort, Michael Repel, Irene Res, Michael Richied, Daniel Rieger, Clint Rivera, Scott Rooney, Julio Sanchez, Jr, Edward Santiago, Julian Santos, Adam Sawyer, Heather Scherr, Marzena Semrau, Thomas Serbin, Timothy Serbin, Felix Serrano, Saar Bruce Shaar, Wesley Sienkiewicz, Kellee Simz, Robert Skalski, Nicholas Smith, James Spalla, Robert Stopka, Jeffrey Sutter, Robert Tebbens, Robert Thompson, Scott Troogstad, Grant Vosburgh, James Walsh, Matt Wieclawek, Raymond Wilke, Michael Zach, Anthony Zumaras (Lubin, Jonathan) (Entered: 10/28/2021) |
| 10/29/2021 | 26 | ☐ 4.35KB | MINUTE entry before the Honorable John Z. Lee: For the reasons stated on the record, Plaintiff's motion for temporary restraining order is denied. The parties shall submit a joint status report indicating a proposed discovery schedule as to the motion for preliminary injunction on or before Friday, November 5, 2021. Mailed notice (vcf, ) (Entered: 10/29/2021) |
| 11/05/2021 | 27 | ☐ 229.71KB | ATTORNEY Appearance for Defendant Jay Robert Pritzker by Mary Alice Johnston (Johnston, Mary) (Entered: 11/05/2021) |
| 11/05/2021 | 28 | ☐ 118.50KB | STATUS Report *Joint* by Jay Robert Pritzker (Dworkin, Hal) (Entered: 11/05/2021) |
| 11/08/2021 | 29 | ☐ 4.85KB | MINUTE entry before the Honorable John Z. Lee: The Court has reviewed the status report. The Court orders the parties to file a joint written status report by 11/12/21 indicating whether Plaintiffs will disclose an expert and, if so, submitting a proposed expert discovery schedule. The report, which shall be as concise as possible, shall set forth: (1) the current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e.g., for discovery supervision; for resolution of a motion; for settlement; etc.); (2) the progress of discovery, if discovery is ongoing; (3) the status of briefing on unresolved motions, if any; (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions; (5) for cases without any future court dates, an agreed proposed schedule; (6) for cases that have future court dates and if the parties believe there is |

| | | | good cause to extend the current deadlines, a proposed amended schedule and the basis for the request; (7) a request for any agreed action that the Court can take without a hearing; (8) and whether the parties believe a telephonic hearing or in-person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions. Mailed notice. (ym, ) (Entered: 11/08/2021) |
|---|---|---|---|
| 11/12/2021 | 30 | ☐ 120.03KB | STATUS Report *Joint* by Jay Robert Pritzker (Dworkin, Hal) (Entered: 11/12/2021) |
| 11/18/2021 | 🔒 31 | ☐ 277.75KB | TRANSCRIPT OF PROCEEDINGS held on 10/29/21 before the Honorable John Z. Lee. Order Number: 41951. Court Reporter Contact Information: Joseph Rickhoff, 312-435-5562, joseph_rickhoff@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 12/9/2021. Redacted Transcript Deadline set for 12/20/2021. Release of Transcript Restriction set for 2/16/2022. (Rickhoff, Joseph) (Entered: 11/18/2021) |
| 11/19/2021 | 32 | ☐ 7.67MB | SUR-REPLY by Plaintiffs Mark Abratanski, Roy Anderson, Jr, Steve Andolino, Anthony Baggett, Matthew A. Balandes, Angela Bandstra, Daniel Baumgartner, Brendan Berry, John Borner, Rebia Bradley, Brian Brantley, Kenneth Brezina, Michael Cannon, Scott Chibe, Sandra Chlebowicz, Rich Clemens, Bernard Considine, Janet Contursi, Roberto Coronado, Stephen Coyne, Michael Criel, Joseph Cudar, John Cunningham, Michael Dahl, John Dardanes, Shelton Davis, Raul De Leon, Pablo Delgado, Steven Dorich, James Duignan, Collin Duszak, Gary Duszak, Leah Lafemina Escalante, Christopher Estherhammer-Fic, Kevin Ferguson, Mitchell Figueroa, Thomas Flavin, Joseph Forchione, Nicholas Fortuna, Ryan Franzen, Erik Goff, Michele Graber, Chris Grande, Marcus Harris, Dawn Hedlund, John Herzog, Stephen Hodo, Gary Horkavy, William Hurley, Joann Imparato, Kelly Joiner, Mono Kachatorian, Christopher J. Kahr, Daniel Kairis, Jennifer Karaboyas, Ryan Kelly, Chris King, Jeffrey King, John Knight, Daniel Koenig, Daniel Kranz, Krystal Kranz, Bret Landis, David Leon, Richard Louzon, Wendy Luciano, Anthony Martin Maggio, Michael Malloy, Timothy Maloy, David Martin, Victor Martin, Michele Martinez, Seth Martinez, Philip Marx, Michelle Maxwell, Daniel McDermott, Meghan Michaelsen, Nicolas Minghettino, Philip Mockler, Robert Morris, Thomas T. Morris, Raul Mosqueda, David Mueller, John Mullaney, Trang Nguyen, Paul O'Connor, Michael Ouellette, Matt Paller, Steven Paluck, Nick Pantaleo, William Parker, Arlett Payne, Anthony Pecoraro, Emily Pecoraro, Elvis Perez, Jose A. Perez, Frank Phee, Fletcher Prestidge, Matthew Joseph Pusateri, Jaime Quezada, Luis Quinones, James Rappold, Duhamel Renfort, Michael Repel, Irene Res, Michael Richied, Daniel Rieger, Clint Rivera, Scott Rooney, Julio Sanchez, Jr, Edward Santiago, Julian Santos, Adam Sawyer, Heather Scherr, Marzena Semrau, Thomas Serbin, |

| | | | |
|---|---|---|---|
| | | | Timothy Serbin, Felix Serrano, Saar Bruce Shaar, Wesley Sienkiewicz, Kellee Simz, Robert Skalski, Nicholas Smith, James Spalla, Robert Stopka, Jeffrey Sutter, Robert Tebbens, Robert Thompson, Scott Troogstad, Grant Vosburgh, James Walsh, Matt Wieclawek, Raymond Wilke, Michael Zach, Anthony Zumaras to motion for temporary restraining order,,,,,,,,,,,,,,,,,, motion for preliminary injunction,,,,,,,,,,,,,,,,,, 4 *Supplemental Brief In Support of a Petition for Preliminary Injunction* (Attachments: # 1 Exhibit Exhibits)(Lubin, Jonathan) (Entered: 11/19/2021) |
| 11/19/2021 | 33 | ☐ 4.26KB | MINUTE entry before the Honorable John Z. Lee:The Court has reviewed the status report. Status hearing set for 12/7/21 at 10:00 a.m. by video. (ca, ) (Entered: 11/19/2021) |
| 11/24/2021 | 34 | ☐ 4.27KB | MINUTE entry before the Honorable John Z. Lee: For the reasons stated in the memorandum opinion and order, Plaintiffs' motion for a temporary restraining order 4 is denied. (ca, ) (Entered: 11/24/2021) |
| 11/24/2021 | 35 | ☐ 270.18KB | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 11/24/21.(ca, ) (Entered: 11/24/2021) |
| 12/03/2021 | 36 | ☐ 0.61MB | MEMORANDUM by Jay Robert Pritzker *Response In Opposition To Plaintiffs' Supplemental Brief In Support Of Their Motion For Preliminary Injunction* (Dworkin, Hal) (Entered: 12/03/2021) |
| 12/03/2021 | 37 | ☐ 152.49KB | RESPONSE by Defendant City of Chicago *DEFENDANT CITY OF CHICAGO'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION* (Warner, Michael) (Entered: 12/03/2021) |
| 12/07/2021 | 38 | ☐ 4.26KB | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 12/7/21. Plaintiff's motion for preliminary injunction 4 is taken under advisement. (ca, ) (Entered: 12/07/2021) |
| 12/13/2021 | 39 | ☐ 4.27KB | MINUTE entry before the Honorable John Z. Lee:The status hearing set for 12/14/21 is stricken. The Court will set another status after the ruling on the Preliminary Injunction. (ca, ) (Entered: 12/13/2021) |
| 12/21/2021 | 40 | ☐ 4.31KB | MINUTE entry before the Honorable John Z. Lee:Because Plaintiffs have not satisfied any of the elements necessary to obtain preliminary injunctive relief, their motion for a preliminary injunction is denied. [For further details see memorandum opinion and order]. (ca, ) (Entered: 12/21/2021) |
| 12/21/2021 | 41 | ☐ 183.51KB | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 12/21/21.(ca, ) (Entered: 12/21/2021) |
| 12/22/2021 | 42 | ☐ 89.36KB | NOTICE of appeal by Mark Abratanski, Roy Anderson, Jr, Steve Andolino, Anthony Baggett, Matthew A. Balandes, Angela Bandstra, Daniel Baumgartner, Brendan Berry, John Borner, Rebia Bradley, Brian Brantley, Kenneth Brezina, Michael Cannon, Scott Chibe, Sandra Chlebowicz, Rich Clemens, Bernard Considine, Janet Contursi, Roberto Coronado, Stephen Coyne, Michael Criel, Joseph Cudar, John Cunningham, Michael Dahl, John Dardanes, Shelton Davis, Raul De Leon, Pablo Delgado, Steven Dorich, James Duignan, Collin Duszak, |

|   |   |   | Gary Duszak, Leah Lafemina Escalante, Christopher Estherhammer-Fic, Kevin Ferguson, Mitchell Figueroa, Thomas Flavin, Joseph Forchione, Nicholas Fortuna, Ryan Franzen, Erik Goff, Michele Graber, Chris Grande, Marcus Harris, Dawn Hedlund, John Herzog, Stephen Hodo, Gary Horkavy, William Hurley, Joann Imparato, Kelly Joiner, Mono Kachatorian, Christopher J. Kahr, Daniel Kairis, Jennifer Karaboyas, Ryan Kelly, Chris King, Jeffrey King, John Knight, Daniel Koenig, Daniel Kranz, Krystal Kranz, Bret Landis, David Leon, Richard Louzon, Wendy Luciano, Anthony Martin Maggio, Michael Malloy, Timothy Maloy, David Martin, Victor Martin, Michele Martinez, Seth Martinez, Philip Marx, Michelle Maxwell, Daniel McDermott, Meghan Michaelsen, Nicolas Minghettino, Philip Mockler, Robert Morris, Thomas T. Morris, Raul Mosqueda, David Mueller, John Mullaney, Trang Nguyen, Paul O'Connor, Michael Ouellette, Matt Paller, Steven Paluck, Nick Pantaleo, William Parker, Arlett Payne, Anthony Pecoraro, Emily Pecoraro, Elvis Perez, Jose A. Perez, Frank Phee, Fletcher Prestidge, Matthew Joseph Pusateri, Jaime Quezada, Luis Quinones, James Rappold, Duhamel Renfort, Michael Repel, Irene Res, Michael Richied, Daniel Rieger, Clint Rivera, Scott Rooney, Julio Sanchez, Jr, Edward Santiago, Julian Santos, Adam Sawyer, Heather Scherr, Marzena Semrau, Thomas Serbin, Timothy Serbin, Felix Serrano, Saar Bruce Shaar, Wesley Sienkiewicz, Kellee Simz, Robert Skalski, Nicholas Smith, James Spalla, Robert Stopka, Jeffrey Sutter, Robert Tebbens, Robert Thompson, Scott Troogstad, Grant Vosburgh, James Walsh, Matt Wieclawek, Raymond Wilke, Michael Zach, Anthony Zumaras regarding orders 41 , 40 Filing fee $ 505, receipt number 0752-18995163. Receipt number: n (Lubin, Jonathan) (Entered: 12/22/2021) |
| 12/23/2021 | 43 | ☐ 94.36KB | REQUEST for Clerk of Court to refund filing fee in the amount of 505, receipt no. 0752-18995163, (Lubin, Jonathan) (Entered: 12/23/2021) |
| 12/23/2021 | 44 | ☐ 0.54MB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 42 . (aee, ) (Entered: 12/23/2021) |

Total filesize of selected documents (MB): _____
or    Maximum filesize allowed (MB): 30