UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT TROOGSTAD, et al., individually
and on behalf of similarly situated
employees of the City of Chicago,

Plaintiffs,

v.

THE CITY OF CHICAGO; and JAY ROBERT
PRIZKER, Governor of The State of
Illinois,

Defendants.

No. 21 C 5600

Judge Thomas M. Durkin

ORDER

Judge Lee denied Plaintiffs' motion for a preliminary injunction against the
COVID-19 vaccine mandates imposed by the Governor of Illinois and the City of
Chicago. *See* R. 26. Judge Gettleman did the same in a separate case filed against
Cook County. The Seventh Circuit considered appeals in both cases together and
affirmed. *See Lukaszczyk v. Cook County*, 47 F. 4th 587 (7th Cir. 2022). On remand,
Judge Gettleman granted Cook County's motion to dismiss. *See Lukaszczyk v. Cook
County*, 21-cv-05407, Dkt. No. 94 (N.D. Ill. Aug. 31, 2023). This case against the
Governor and the City was transferred to this Court after Judge Lee was appointed
to the Seventh Circuit. Plaintiffs here filed a second amended complaint, and the City
and the Governor have separately moved to dismiss for failure to state a claim
pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 70; R. 74. Those motions are
granted.

The second amended complaint includes the following claims: (1) Fourteenth Amendment substantive due process; (2) Fourteenth Amendment procedural due process; (3) Fourteenth Amendment equal protection; (4) First Amendment; (5) Illinois Health Care Right of Conscience Act; and (6) Illinois Religious Freedom Restoration Act.

## I.      Claims against the Governor

### A.      Religious Exercise

Plaintiffs concede that the religious accommodations available in the Governor's mandate would "likely . . . be deemed reasonable," and for that reason Plaintiffs "will not defend" their First Amendment and Illinois Religious Freedom Restoration Act claims against the Governor. *See* R. 76 at 3. Therefore, those claims are dismissed.

### B.      Illinois Health Care Right of Conscience Act

Additionally, Plaintiffs "will not defend" their claim under the Illinois Health Care Right of Conscience Act. *See* R. 76 at 3. Plaintiffs concede that this Court is "required to apply Illinois case law" holding that the Illinois Health Care Right of Conscience Act does not apply to COVID-19 mitigation measures. *See Krewionek v. McKnight*, 2022 IL App (2d) 220078, ¶ 38 (Ill. App. Ct. 2d Dist) ("In sum, section 13.5 of the Act now in effect removes employer requirements intended to prevent contraction or transmission of COVID-19 from the protection of the Act."). Therefore, the Illinois Health Care Right of Conscience Act claim is also dismissed.

C.     **Fourteenth Amendment**

The remaining Fourteenth Amendment claims are moot because the Governor's mandate expired. On the appeal from the preliminary injunction denial, the Seventh Circuit held that an amendment to the Governor's mandate's definition of covered employees mooted the case for any plaintiffs who no longer fit the definition. *See Lukaszczyk*, 47 F.4th at 597 ("[T]he claims of those plaintiffs against Governor Pritzker are moot because they seek to enjoin a policy that no longer applies to them."). The expiration of the entire mandate has the same consequence for the rest of the Plaintiffs.

Plaintiffs argue the exception to mootness for cases "capable of repetition, yet evading review" applies here because the Governor could respond to a future medical emergency with a vaccine mandate. *See United States v. Juvenile Male*, 564 U.S. 932, 938 (2011) (the exception applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again."). This is certainly a possible scenario, but it is also entirely speculative, and so is not a "reasonable expectation." That is what Judge Gettleman found in granting the motion to dismiss by Cook County. *See Lukaszczyk*, 21-cv-05407, Dkt. 94 ("Plaintiffs argue that there is a reasonable expectation that they may be subject to the same mandate in the future, but the complaint contains no factual allegations from which the court could draw such a conclusion. Consequently, the court agrees with the Governor that the claims against him are moot."). This Court agrees that too

3

many contingent events would need to occur to replicate the circumstances of this case, so the exception to mootness does not apply. Therefore, the Fourteenth Amendment claims are dismissed as moot.

Even if the Fourteenth Amendment claims were not moot, they would be dismissed for failure to state a claim. The reasoning underlying the Seventh Circuit's affirmance of the denial of the preliminary injunction also shows that Plaintiffs have failed to state a Fourteenth Amendment claims. Both the Equal Protection Clause and Due Process Clause protect people who are treated differently because of membership in a suspect class or who have been denied a fundamental right. The Seventh Circuit, finding no suspect class or fundamental right, applied the rational basis test as opposed to strict scrutiny. *See Lukaszczyk*, 47 F.4th at 602 ("Plaintiffs in each case have failed to provide facts sufficient to show that the challenged mandates abridge a fundamental right. Nor do they provide a textual or historical argument for their constitutional interpretation."). And applying the rational basis test, the Seventh Circuit held, "The evidence that vaccines reduce the rate of transmission provides a reasonably conceivable set of facts to support the mandates." *Id.* at 603.

As for any procedural due process claim, the Seventh Circuit held that "plaintiffs have not provided any evidence or a legal argument as to why they have a property interest in public employment." Moreover, "there is no constitutional procedural due process right to state-mandated procedures." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 366 (7th Cir. 2019). Therefore, all Fourteenth Amendment claims against the Governor are dismissed.

4

## II.     Claims against the City

Although not moot, Plaintiffs' Fourteenth Amendment and Illinois Health Care Right of Conscience Act claims against the City are just as deficient on the merits for the reasons discussed. Plaintiffs' remaining claims allege that the City's mandate impermissibly burdens their religious practice in violation of the First Amendment and the Illinois Religious Freedom Restoration Act.

### A.     First Amendment

With respect to the First Amendment, when a religiously neutral and generally applicable law incidentally burdens free exercise rights, the law need only be rationally related to a legitimate governmental interest to withstand a constitutional challenge. *See Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1876 (2021). The "[g]overnment fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature." *Id.* at 1877. To be generally applicable, a law may not selectively burden religiously motivated conduct while exempting comparable secularly motivated conduct. *See Church of Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520, 543 (1993). A "neutral law of general applicability is constitutional if it is supported by a rational basis." *Illinois Bible Colleges Ass'n v. Anderson*, 870 F.3d 631, 639 (7th Cir. 2017).

Here, the Seventh Circuit held that plaintiffs "made a facial challenge to the mandate, which ignored the text of the policy's religious exemption and the status of the plaintiffs' exemption requests. This does not show a violation of their right to freely exercise their religions." *Lukaszczyk*, 47 F.4th at 607. Therefore, Plaintiffs'

facial First Amendment challenge to the City's policy must be dismissed. *See also See Lukaszczyk v. Cook County*, 21-cv-05407, Dkt. 94 (dismissing First Amendment claims against the County on remand).

### B. Illinois Religious Freedom Restoration Act ("IRFRA")

Under the IRFRA, the "[g]overnment may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, unless it demonstrates that application of the burden to the person (i) is in furtherance of a compelling governmental interest and (ii) is the least restrictive means of furthering that compelling governmental interest." 775 ILCS 35/15. "Stemming the spread of COVID-19 is unquestionably a compelling interest." *Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68-69 (2020)); *see also Cassell v. Snyders*, 458 F. Supp. 3d 981, 1000 (N.D. Ill. May 3, 2020) ("in these exceptional circumstances, controlling the spread of COVID-19 counts as a compelling interest"). Whether a practice is the "least restrictive means" turns on "whether [the government] could have achieved, to the same degree, its compelling interest" without interfering with religious activity. *See Cassell*, 458 F. Supp. 3d at 1000; *Affordable Recovery Hous. v. City of Blue Island*, 2016 WL 5171765, at *8 (N.D. Ill. Sept. 21, 2016).

Plaintiffs here fail to allege any less restrictive policy that would achieve the same result as the City's mandate. As with their First Amendment claim, the availability of a religious exemption in appropriate cases ensures that the City does

not unduly burden any sincere religious beliefs. This forecloses a facial challenge to the mandate under the IRFRA.

### C.    "As Applied" Challenge

In affirming the denial of the preliminary injunction, the Seventh Circuit noted that Plaintiffs brought only facial challenges under the First Amendment and IRFRA. In their second amended complaint, Plaintiffs have added an "as applied" challenge to the City's practice of granting religious exemptions, arguing it violates both the First Amendment and the IRFRA.

The problem with this argument is that Plaintiffs have made no allegations regarding any individual plaintiff's religious beliefs and what about the City's rejection of that plaintiff's exemption request is unreasonable. Plaintiffs have merely alleged that certain of them have been denied exemptions. But this simple fact is an insufficient basis for the Court to infer that the rejection was unreasonable or arbitrary in light of the compelling interest in controlling the spread of COVID-19. Plaintiffs have cited no cases holding that they can state a plausible claim for an impressible burden on their religious practice by merely alleging that they were denied an exemption.

Plaintiffs are in possession of the facts about their exemption requests. Plaintiffs could have alleged facts about their beliefs and how they expressed them to the City, especially in comparison to facts about individuals granted exemptions (if any), which would permit the inference that denial of an exemption was unreasonable. Without such allegations, Plaintiffs' claim that the City applies the

exemption policy in a manner than violates the First Amendment and that IRFRA is not plausible.

## Conclusion

Therefore, Defendants' motions to dismiss [70] [74] are granted. To the extent Plaintiffs believe they can cure the deficiencies described in this opinion concerning their First Amendment and IRFRA claims against the City, Plaintiffs have leave to amend those claims alone by March 1, 2024. Plaintiff should inform the Court's Deputy by February 19, 2024 whether they intend to file an amended complaint. If Plaintiffs do not intend to file an amended complaint, or fail to meet the March 1, 2024 deadline, all claims will be dismissed with prejudice.

ENTERED:

_Thomas M. Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: January 26, 2024